UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MARVIN CHARLES GABRION
Registration Number: 09184-055,   Docket No. 2:15-cv-00024-WTL-WGH

    Plaintiff,

v

UNITED STATES DEPARTMENT OF
JUSTICE AND UNITED STATES BUREAU
OF PRISONS,

    Defendants.

---

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
# FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................i

TABLE OF AUTHORITIES ........................................................................................................ii

INTRODUCTION ..........................................................................................................................1

STATEMENT OF MATERIAL FACTS NOT IN DISPUTE .......................................................1

LEGAL STANDARDS ..................................................................................................................3

      A.      FREEDOM OF INFORMATION ACT ...................................................................3

      B.      SUMMARY JUDGMENT .......................................................................................4

ARGUMENT ..................................................................................................................................5

      A.      THE DEFENDANTS HAVE FAILED TO JUSTIFY EXEMPTION OF THE CHALLENGED DOCUMENTS WHERE NO PRIVACY, LAW ENFORCEMENT OR SAFETY ISSUES HAVE BEEN ADEQUATELY EXPLAINED ...............................................................................................................5

      B.      THE DOCUMENT GROUPS AT ISSUE ...............................................................6

CONCLUSION .............................................................................................................................11

CERTIFICATE OF SERVICE .....................................................................................................12

## TABLE OF AUTHORITIES

### CASES

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) ...........................................................5

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) .......................................................................5

Church of Scientology of California v. U.S. Dept. of Army, 611 F.2d, 742 ....................................4

Favish v. Office of Independent Counsel, 217 F.3d 1168, 1171 (9th Cir. 2000) .............................3

Horphag Research Ltd. v. Pellegrini, 337 F.3d 1036, 1040 (9th Cir. 2003) ...................................5

Julian v. U.S. Dept. of Justice, 806 F.2d 1411, 1416 (9th Cir. 1986) .............................................4

Rosenfeld v. U.S. Dept. of Justice, 57 F.3d 803, 815 (9th Cir. 1995) .............................................9

Sellers v. I.R.S., 2009 WL 700647 at 3 ...........................................................................................4

U.S. Dept. of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749,
772-774 (1989) ................................................................................................................................4

U.S. Dept. of State v. Ray, 502 U.S. 164, 173 (1991) .....................................................................4

Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973) ...................................................................5

### STATUTES

5 U.S.C. § 105 .................................................................................................................................2

5 U.S.C. § 551(1). ...........................................................................................................................2

5 U.S.C. § 552 .................................................................................................................................2

5 U.S.C. § 552 (a) ...........................................................................................................................2

5 U.S.C. § 552 (a)(3)(A) .................................................................................................................3

5 U.S.C. § 552 (b) ...........................................................................................................................4

5 U.S.C. § 552 (b)(7)(E) .................................................................................................................9

### RULES

Fed. R. Civ. P. 56(c)(2) ...................................................................................................................4

Fed. R. Civ. P. 56(e)(2) ...................................................................................................................5

# INTRODUCTION

Plaintiff, Marvin Gabrion, is a death row inmate who has been housed at different facilities within the United States Prison at Terre Haute since 2002. Mental health issues have always been at the forefront of the Mr. Gabrion's case. In 2012, Mr. Gabrion submitted a request for Bureau of Prison ("BOP") records relating to his confinement. Mr. Gabrion's request sought all mental health related records, as well as all other records maintained by the BOP relating to Mr. Gabrion's confinement. The BOP acknowledged this request and a follow up request made the next month. However, the BOP failed to produce any materials in response to the requests. More than a year later, Mr. Gabrion again requested the records. The BOP produced nothing. Another year passed and Mr. Gabrion, tired of waiting for the promised records, filed this action. At that point, the BOP produced documents and other materials that partially complied with his requests. The parties have worked to reduce the number of items in dispute. The document that is central to this case is the Defendants' "Vaughn" Index dated October 15, 2015. Certain disputed items remain, and Plaintiff requests this court to grant summary judgment finding that the BOP's refusal to produce the items violates the Freedom of Information Act. In the alternative, Mr. Gabrion requests the court to conduct an *in camera* review of these remaining items in order to determine whether the BOP has properly designated them as exempt from disclosure.

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1. The remaining items in dispute in this litigation are identified in the Defendants' "Vaughn" Index of October 15, 2015, as Groups 1, 2, 11, 13, 14, 15, 18, 20 and 21.

2. Plaintiff, Marvin Gabrion, is a "death row" prisoner at USP Terre Haute.

3. Plaintiff was convicted of murder and sentenced to death in March of 2002 in the United States District Court for the Western District of Michigan.

4. Plaintiff has been in the custody of the United States Bureau of Prisons ("BOP") continuously since March 18, 2002.

5. The BOP has maintained a variety of records relating to Plaintiff, including, in part, records relating to mental health care issues.

6. Plaintiff has been housed in the Special Confinement Unit ("SCU") at USP Terre Haute continuously since July 12, 2005.

7. Defendant United States Department of Justice ("DOJ") is an Executive agency of the United States as defined by 5 U.S.C. § 105 and is an agency as defined by 5 U.S.C. § 551(1).

8. Defendant United States Bureau of Prisons ("BOP") is a component of the DOJ and is an agency as defined by 5 U.S.C. § 551(1).

9. Mr. Gabrion submitted to the BOP a request for records on December 31, 2012, based on the Freedom of Information Act ("FOIA") and the Privacy Act ("PA")(5 U.S.C. §§ 552 and 552(a)).

10. This action was filed on January 23, 2015.

11. Defendants first transmitted documents in response to Mr. Gabrion's request on January 25, 2015.

12. At least some of the documents that Mr. Gabrion requested were maintained at USP Terre Haute.

13. Defendant filed a Notice of Appeal on March 25, 2002 from his conviction and sentence to the United States Court of Appeals for the Sixth Circuit.

14. A number of attorneys were appointed to represent Plaintiff on direct appeal, including Margaret O'Donnell.

15. On December 31, 2012, Mr. Gabrion, through Margaret O'Donnell, filed with the BOP a request for records relating to information maintained during Plaintiff's custody with the BOP. (**Exhibit 1, pp. 3-4**)

16. Plaintiff submitted a Form DOJ-361, a Certification of Identity. (**Exhibit 1, p. 5**)

17. Plaintiff's request is attached to the Declaration of Margaret O'Donnell. (**Exhibit 1, pp. 1-2**)

18. Despite the passage of 24 months, neither Defendant filed a written response to Mr. Gabrion's request.

19. Ms. O'Donnell repeatedly contacted BOP personnel in an effort to obtain compliance with Plaintiff's FOIA request. **(Exhibit 1, pp. 6-7)**

20. In January of 2015, Defendants began to provide to counsel for Mr. Gabrion documents and other items, including recorded telephone calls.

21. Defendants claimed that certain documents were exempt from disclosure.

22. Defendants relied on Sections 6 and 7 of FOIA.

23. The parties have undertaken efforts to limit the items in dispute in this action.

24. Groups 1, 2, 11, 13, 14, 15, 18, 20 and 21, as identified in the Defendants' "Vaughn" Index, remain at issue.

## LEGAL STANDARDS

### A. FREEDOM OF INFORMATION ACT.

The Freedom of Information Act ("FOIA") requires federal executive branch agencies to release information to the public upon request. 5 U.S.C. § 552 (a)(3)(A). The government's obligation to produce information is mandatory, it applies to any request made by any person, and disclosure must be made promptly. *Favish v. Office of Independent Counsel,* 217 F.3d 1168, 1171 (9th Cir. 2000).

3

FOIA "is a commitment to the principle that a democracy cannot function unless the people are permitted to know what their government is up to. The statute's central purpose is to ensure that the Government's activities be opened to the sharp eye of public scrutiny." *Id.* (internal quotation marks and citations omitted) (quoting *U.S. Dept. of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 772-774 (1989)).

The only exceptions to government disclosure are the nine (9) statutory exemptions listed in FOIA. 5 U.S.C. § 552 (b). FOIA as a whole "is to be liberally construed in favor of disclosure and its exemptions narrowly construed." *Julian v. U.S. Dept. of Justice,* 806 F.2d 1411, 1416 (9th Cir. 1986).

The purpose and plain text of FOIA give rise to a "strong presumption in favor of disclosure." *U.S. Dept. of State v. Ray,* 502 U.S. 164, 173 (1991). Accordingly, an agency bears the evidentiary burden of justifying the withholding of requested documents. *Id.*

At its discretion, the court may perform *in camera* review, where the affidavits provided by the government concerning claimed exemptions are too generalized in order to make "a first-hand determination of their exempt status." *Sellers v. I.R.S.* 2009 WL 700647 at 3 (quoting *Church of Scientology of California v. U.S. Dept. of Army,* 611 F.2d at 742. However, such review shall neither excuse the government from meeting its burden, nor shall it occur when the government's burden is otherwise met. *Id.*

    **B.**    **SUMMARY JUDGMENT.**

A court should grant summary judgment on a claim "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The

movant has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the non-moving party. *Horphag Research Ltd. v. Pellegrini,* 337 F.3d 1036, 1040 (9th Cir. 2003). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a finder of fact might return a verdict in its favor. *Id.* at 257. A non-moving party "may not rely merely on allegations or denials in its own pleading," but must respond with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). An opposing party must prove the applicability of an exemption by specific evidence, not "conclusory and generalized allegations of exemptions." *Vaughn v. Rosen,* 484 F.2d 820, 826 (D.C. Cir. 1973).

## ARGUMENT

**A.  THE DEFENDANTS HAVE FAILED TO JUSTIFY EXEMPTION OF THE CHALLENGED DOCUMENTS WHERE NO PRIVACY, LAW ENFORCEMENT OR SAFETY ISSUES HAVE BEEN ADEQUATELY EXPLAINED.**

The Defendants have relied upon four (4) statutory provisions to claim the disclosure of documents is exempt under FOIA: Sections 6, 7(C), 7(E) and 7(F). However, the Defendants have offered only conclusory statements supporting the exemption claims. These statements are insufficient to justify exemption from disclosure.

B.     THE DOCUMENT GROUPS AT ISSUE.

Group Number 1.  The BOP has withheld in whole a Presentence Investigative Report and a Statement of Reasons.  These documents relate to a case other than the capital murder.  The BOP admits in its Vaughn Index that an inmate is allowed to review the PSR and SOR, but the inmate is not allowed to possess a copy of the documents.  (**Exhibit 2, p. 1**)  This issue could be resolved if the BOP allowed one of Mr. Gabrion's attorneys to review the documents.  This review could occur at any reasonable location, including USP Terre Haute.  The BOP has not offered this option, and has simply indicated that the documents are exempt from disclosure because disclosure might endanger "the physical safety of any individual." (**Exhibit 2, p. 1**)  Since no such offer has been made, Mr. Gabrion is entitled to summary judgment on the issue.

Group Number 2.  The BOP has exempted a "hand-written note containing a third-party individual's name, address and phone numbers[,]" claiming that the disclosure would constitute an invasion of privacy.  However, the note is contained in Mr. Gabrion's Inmate Central File.  The note was placed there for a reason.  (**Exhibit 2, p. 2**)  Mr. Gabrion's right to review the note outweighs any potential privacy interest.

Group Number 10.  The BOP has exempted an "Incident Report" regarding an incident occurring on August 30, 2007.  The BOP contends that it is related to the discipline of a third-party inmate and would be an unwarranted invasion of privacy.  The report has sufficient relevancy to Mr. Gabrion to be inserted into his Central File. (**Exhibit 2, pp. 5-6**)   The mere fact that it allegedly relates to a third-party does not outweigh his right to review the document.

Group Number 11.  "Staff Injury Assessment and Photographs" relating to an incident occurring on May 25, 1999, have been exempted based on privacy concerns.  (**Exhibit 2, p. 6**) Again, the items are in Mr. Gabrion's Central File.  It is not even clear from the BOP's response

6

why the items are in this file. No privacy interest has been advanced barring disclosure to Mr. Gabrion.

Group Number 13. Group 13 apparently consists of several communications with USP Terre Haute staff regarding communications with Mr. Gabrion. Some communications seek permission to be on an approved telephone list. (**Exhibit 2, pp. 6-8**) The BOP claims that these communications would violate privacy rights, would reveal law enforcement techniques and would endanger third-party individuals. However, it appears that the items in question were provided by outside parties, and have nothing to do with law enforcement. Mr. Gabrion has the right to know who attempted to establish contact with him. By attempting to see or talk with Mr. Gabrion, a requesting party waives any privacy rights in terms of having others know about their efforts.

Group Numbers 14 and 15. Records from 2001, 2009, 2013 and an unidentified year are contained in Mr. Gabrion's Special Investigative Services File. (**Exhibit 2, pp. 8-10**) The BOP has not indicated who is identified in the records or what subject is discussed. There is no indication why the items are in Mr. Gabrion's file. There is no explanation or basis to believe that disclosure will unduly violate privacy or endanger anyone.

Group Number 17. Group 17 consists of items in Mr. Gabrion's Central File identified as "Program Forms." (**Exhibit 2, p. 10-11**) The BOP alleges that disclosure would endanger Mr. Gabrion and others. The allegation is conclusory.

Group Number 18. Group 18 consists of "Inmate Population Monitoring Records" from separate dates in 2009. (**Exhibit 2, p. 11**) The BOP alleges that disclosure would be an unwarranted invasion of the other individual's privacy and would endanger the life or physical safety of third parties.

Group Number 19. Group 19 consists of "Clearance and Separatee Data" for Mr. Gabrion from 2009. (**Exhibit 2, pp. 11-12**) The BOP alleges that release of the information would constitute an unwarranted invasion into third party interests.

Group Number 20. Group 20 consists of a video recording from a SCU visiting room. (**Exhibit 2, p. 12**) Mr. Gabrion believes that the incident involves an interaction between him and Margaret O'Donnell, the original requesting party here.

Group Number 21. Group 21 consists of recordings of two telephone calls between Mr. Gabrion and someone at the offices of one of his attorneys, Judy Clarke. (**Exhibit 2, p. 13**) Mr. Gabrion hopes to get written consent from Ms. Clarke authorizing release of the calls.

**Exemption 6 Claims**: The BOP may argue that Exemption 6 is claimed on various documents. Though BOP repeatedly claims a vague speculative concern for safety, Plaintiff does not warrant such a concern, and certainly the BOP can't argue that every record of this nature is now exempt from disclosure based upon a fictitious concern that prison staff is worried about retaliation from a death row inmate.

The narrow scope of the exemption covers "clearly unwarranted" invasions of personal privacy. *Id.* Here, the balancing of the Plaintiff's right to full knowledge and disclosure concerning the requested documents and the basic purpose of FOIA ("to open agency action to the light of public scrutiny") outweigh the BOP's speculative concerns of harm. Further, Plaintiff's request for these documents is warranted and is not a "clearly unwarranted" invasion.

**Exemption 7(C) Claims:** Pursuant to the statute, the BOP can refuse to provide records only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy. No guard or medical staff person can have a personal privacy expectation regarding incident reports, medical

8

reports or investigatory reports. If such a document contained information such as a guard's home address or social security number, that information could easily be redacted. Any other information contained within the documents cannot be argued to possess personal privacy expectations. The BOP may argue that Exemption 7(C) is claimed to protect USP Terre Haute inmates and staff from retaliation, threats, harassment, or other action by inmates or their supporters. Regardless, this exemption is narrow and does not apply to speculative concerns for safety; the question boils down to whether the inmates and staff ever believed such documents were drafted with an eye toward protecting their personal privacy – there is no evidence that this occurred.

**Exemption 7(E) Claims:** FOIA Exemption 7(E) states that documents are exempt from disclosure if they are "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. 5 U.S.C. § 552 (b)(7)(E). "Exemption 7(E) only exempts investigative techniques not generally known to the public." *Rosenfeld v. U.S. Dept. of Justice*, 57 F.3d 803, 815 (9th Cir. 1995). Therefore, Exemption 7(E) is narrow and mandates a showing that the documents being withheld (1) concern investigative techniques not generally known to the public, and (2) could reasonably cause an expectation of circumvention of the law if disclosed.

There has been no showing by the BOP that any "investigative techniques" disclosed in these reports are not already generally known to the public. The details of these reports do not primarily pertain to an investigation and prosecution of other inmates, though that may comprise a small fraction of the reports. Contrary, the reports likely document and investigate the conduct and actions of the prison staff, and thus, it is unreasonable to expect that a breach of the law

9

would occur as a result of a member of the public reviewing these reports — particularly those documents pertaining to medical issues.

The BOP cannot rely on Exemption 7(E) because the BOP has made no showing that the production concerns investigative techniques not generally known to the public. Additionally, the BOP has made no showing that disclosure of the documents could reasonably cause an expectation of circumvention of the law. The requested facts, records, and information could not reasonably be expected to cause a circumvention of the law or endanger the life or physical safety of any individual, and the endangerment proffered by the BOP is speculative. The BOP's broad exemption claim under 7(E) is inconsistent with FOIA's history and would compromise FOIA's intent.

**Exemption 7(F) Claims:**

The BOP may argue that Exemption 7(F) is claimed to protect BOP staff from retaliation from inmates with a violent propensity. The BOP cannot rely upon Exemption 7(F) because the production of requested investigatory records and information could not <u>reasonably</u> be expected to endanger the life or physical safety of any specific individual. The endangerment potentially proffered by the BOP is unlawfully speculative.

Exemption 7(F) does not permit the BOP to withhold records from the public for fear of violent or retaliatory action against a broad speculative group of "individuals" without a demonstrable "reasonable" belief that the speculative action would likely occur. The BOP's broad exemption claim under 7(F) is inconsistent with FOIA's history and would compromise FOIA's intent.

10

## CONCLUSION

Plaintiff moves this Court for an order enjoining Defendants from failing to immediately comply with the FOIA request that Plaintiff filed on December 31, 2012.  Compliance would entail the immediate production of the documents identified in Groups 1, 2, 11, 13, 14, 15, 18, 20 and 21.

Plaintiff further moves the Court to enter Judgment in favor of Plaintiff and against Defendants ordering Defendants to immediately produce the items requested in Plaintiff's December 31, 2012 FOIA request.


Date: December 28, 2015				By:	s/ Scott Graham
							Scott Graham
							Attorney for Plaintiff
						Business Address:
							SCOTT GRAHAM PLLC
							1911 West Centre Avenue, Suite C
							Portage, Michigan 49024
							Telephone: (269) 327.0585
							Facsimile:  (269) 327.0811
							sgraham@scottgrahampllc.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 28, 2015, a copy of the foregoing Brief in Support of Plaintiff's Motion for Summary Judgment was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

Date: December 28, 2015        By:    s/ Scott Graham
                                                    Scott Graham
                                                  Attorney for Plaintiff
                                  Business Address:
                                                  SCOTT GRAHAM PLLC
                                                  1911 West Centre Avenue, Suite C
                                                  Portage, Michigan 49024
                                                  Telephone: (269) 327.0585
                                                  Facsimile:  (269) 327.0811
                                                  sgraham@scottgrahampllc.com