**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

MARVIN CHARLES GABRION
Registration Number: 09184-055,        Docket No. 2:15-cv-00024-WTL-DKL

    Plaintiff,

v

UNITED STATES DEPARTMENT OF
JUSTICE AND UNITED STATES BUREAU
OF PRISONS,

    Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS MOTION**
**FOR SUMMARY JUDGMENT**

---

    Plaintiff, Marvin Gabrion, through counsel, submits his response to Defendants' Cross Motion for Summary Judgment pursuant Federal Rule of Civil Procedure 56(c). Mr. Gabrion contends that summary judgment is inappropriate in favor of the Defendants because material issues of fact remain at the conclusion of the FOIA review process.

    Mr. Gabrion is a death row inmate housed at BOP facilities in Terre Haute, Indiana since 2002. He is the movant in a proceeding based on 28 U.S.C. §2255, presently pending in the United States District Court for the Western District of Michigan. That case is in its early stages.

    From the beginning of the case that resulted in the imposition of a death sentence, serious questions have existed regarding Mr. Gabrion's competency and mental state. Counsel for Mr. Gabrion has been open and candid in this proceeding in describing the goal of obtaining information that is relevant to an evaluation of Mr. Gabrion's mental condition. The Defendants'

response to Mr. Gabrion's request for summary judgment here must be balanced against the goal of gathering all appropriate information allowing this evaluation.

Mr. Gabrion's direct appeal lasted more than twelve (12) years. Toward the end of the appellate process, in January of 2013, counsel for Mr. Gabrion requested records from the BOP relating to his confinement. No records were produced for the next two years. In February of 2015, after this litigation began, the BOP started to produce some of the records that Mr. Gabrion requested. Multiple productions have occurred. In the last step, BOP Paralegal Kara Christenson has provided, in connection with this litigation, an affidavit providing a new level of detail in the BOP. (Page ID #178)

Mr. Gabrion moved for summary judgment on document groups 1, 3, 10, 11 13, 14, 15, 17, 18, 19, 20 and 21. The Defendants oppose the motion and seek summary disposition in their favor.

Group 1 has been resolved. The explanation of the basis to exempt Group 3, contained at paragraph 18 of the Christenson declaration, resolves that item. Group 21 has been resolved.

Group 10 should be disclosed. The Defendants claim that the item is exempt because it describes action taken against a third-party inmate. They do not indicate why it is in Mr. Gabrion's BOP file. They do not claim that it is unrelated to Mr. Gabrion. It is an item that could reflect on Mr. Gabrion's mental state, and should therefore be disclosed. Any privacy interest could be cured by a partial redaction.

Group 11 documents relate directly to Mr. Gabrion's mental state during an alleged assault occurring in 2009. Photographs of a staff member and a description of what is being photographed could be withheld. The same is true of any personal information regarding the staff member. However, documents that describe Mr. Gabrion's conduct are far more important than any competing privacy interest.

At the least, an in camera review of these documents is appropriate. Defendants claim that an in camera review is inappropriate for any exempted item because of the detail contained in the Christenson declaration. However, that document was just provided to Mr. Gabrion. He is of course careful to criticize a document without further review and investigation. The mere fact that it took more than two years for the Defendants to produce anything supports some degree of skepticism in the blanket claim that nothing more should be disclosed.

Consideration of Group 13 shows why the present record requires disclosure of in camera review. If the correspondence described in Group 13 is from third-parties who are worried about contact from Mr. Gabrion, then privacy rights are very strong. However, if the correspondence is from persons who seek permission to visit Mr. Gabrion or seek any other form of contact with him, there is no privacy right involved and full disclosure should be made. It is impossible to make this determination based on the present record.

Groups 14, 15, 17, 18 and 19 should be disclosed. Separation status should be based on articulable facts which might well reflect on Mr. Gabrion's mental state. The Defendants have not refuted this claim.

Group 20 should be disclosed. It appears to be a video involving the attorney who made the initial FOIA request. She requested the BOP to keep the video and asked the BOP to disclose the video. (Page ID #212)

The Defendants seek to blanket all outstanding requests with a Section 7(E) exemption, claiming that the records were maintained for qualifying law enforcement purposes. Mr. Gabrion disagrees. If this argument is correct, no BOP records will be disclosed. Records relating to inmate management should be disclosed or should be redacted to remove what is truly private.

## CONCLUSION

Material issues of fact remain regarding the items identified above. The Defendants' response in support of exemption does not explain why privacy interests outweigh Mr. Gabrion's right to see and evaluate at least redacted copies of the documents and the entire video at issue. At the least, an in camera inspection is required in order to guarantee that Mr. Gabrion receives all items to which he is entitled after what is now more than a three year wait.

Date: March 14, 2016        By:    s/ Scott Graham
                                                  Scott Graham
                                                  Attorney for Plaintiff
                                    Business Address:
                                                  SCOTT GRAHAM PLLC
                                                  1911 West Centre Avenue, Suite C
                                                  Portage, Michigan 49024
                                                  Telephone: (269) 327.0585
                                                  Facsimile:  (269) 327.0811
                                                  sgraham@scottgrahampllc.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 14, 2016, a copy of the foregoing Plaintiff's Response to Defendants' Cross Motion for Summary Judgment was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

Date: March 14, 2016         By:    s/ Scott Graham
                                              Scott Graham
                                              Attorney for Plaintiff
                                  Business Address:
                                              SCOTT GRAHAM PLLC
                                              1911 West Centre Avenue, Suite C
                                              Portage, Michigan 49024
                                              Telephone: (269) 327.0585
                                              Facsimile: (269) 327.0811
                                              sgraham@scottgrahampllc.com